No. 91-357

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

JOE R. MERZLAK and JANENE L. MERZLAK,

Plaintiffs and Appellants,

-vs-

JAMES E. PURCELL and HENNINGSON E PURCELL,
a Montana professional services corporation,

Defendants, Respondents and Cross-Appellants.

APPEAL FROM:    District Court of the Fourth Judicial District,
                In and for the County of Missoula,
                The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Robert B. Gould, Seattle, Washington
            James M. Driscoll, Seattle, Washington

        For Respondent:

            R. D. Corette and William M. O'Leary; Corette,
            Pohlman, Allen, Black E Carlson, Butte, Montana

FILED

FEB 13 1992
Filed:

Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  December 5, 1991

Decided:  February 13, 1992

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Appellants Joe R. Merzlak and Janene L. Merzlak (Merzlaks) brought an action for legal malpractice against their attorney James E. Purcell and his law firm Henningsen & Purcell, P.C. (Purcell). The Fourth Judicial District Court, Missoula County, found Purcell negligently represented the Merzlaks, ordered the return of $12,398.20 in attorney's fees together with interest, and denied punitive damages. Merzlaks appeal the amount of the judgment. Purcell cross-appeals. We reverse and remand.

We find the following issues dispositive:

1. Did the Merzlaks satisfy all elements necessary to prove legal malpractice against Purcell?

2. Did the court improperly award the Merzlaks $12,398.20 in attorney's fees plus interest?

On November 12, 1982, the Merzlaks, passengers in a vehicle driven by Kerry Hansen, were injured in a head-on collision. The accident occurred on an icy bridge, on Interstate 90, west of Superior, Montana. Joe Merzlak, Janene Merzlak, Kerry Hansen, and Kerry's wife, Ruth Hansen were traveling from Butte to Spokane when a semi-tractor truck and trailer owned by Livestock Transport Company of Washington (Livestock) struck the vehicle. The Livestock vehicle, traveling east on Interstate 90, veered into Hansen's westbound lane to avoid a vehicle disabled in the eastbound lane. The impact killed Kerry Hansen, and injured the Merzlaks and Ruth Hansen. Purcell represented the Merzlaks in their settlement negotiations with Livestock's insurer. This

2

representation underlies the Merzlaks' malpractice claim against Purcell. Purcell settled the Merzlaks' claims with Livestock's insurer for **$50,000.** Merzlaks claim this settlement amount was undervalued.

The District Court found Purcell negligently represented the Merzlaks by failing to obtain informed consent for settlement, settling without current medical information, and simultaneously representing the Merzlaks, Ruth Hansen and the estate of Kerry Hansen.

I

Did the Merzlaks satisfy all elements necessary to prove legal malpractice against Purcell?

Attorney malpractice is professional negligence. In order to recover in a professional negligence action, "the plaintiff must prove that the professional owed him a duty, and that the professional failed to live up to that duty, thus causing damages to the plaintiff." Lorash v. Epstein **(1989), 236** Mont. **21, 24, 767** P.2d **1335, 1337,** quoting Carlson v. Morton **(1987), 229** Mont. **234, 238, 745 P.2d 1133, 1136.**

The proper measure of damage in an attorney malpractice action is the difference between the amount that would have been recovered by the client except for the attorney's negligence. **". . . [A]** claim of malpractice must be supported not only by a showing of malpractice by . . . [the attorney], but by a showing that 'but for' their negligence, [the client] . . . would have recovered additional amounts . . ." Weaver v. Law Firm of Graybill **(1990),**

3

246 Mont. 175, 179, 803 P.2d 1089, 1092.

Purcell contends that the Merzlaks did not prove Purcell's conduct caused them damage. As later discussed, the District Court agreed with that contention. Failure to prove damages is fatal to an attorney malpractice action. Kinniburgh v. Garrity (1990), 244 Mont. 350, 355, 798 P.2d 102, 105.

In its Memorandum, Findings of Fact and Conclusions of Law, the District Court properly concluded that in order to establish a cause of action for legal malpractice, there must be a showing that the attorney owed his client a duty of care, that there was a breach of this duty by a failure to use reasonable care and skill, and that the breach was the proximate cause of the client's injury and resulted in damages. The key Finding of Fact with regard to damages is the following partial statement from Finding of Fact 37 by the District Court:

> 37. . . . Insufficient evidence was presented to enable this Court to be convinced that a settlement value could be placed on this case had Purcell not handled the case as he did. . . .

The District Court reached the following key conclusion on the issue of damages:

> The issue of damages is a troubling aspect of this case. As noted in Findings of Fact #37, the testimony regarding the settlement value of the Plaintiffs' claims was very speculative and does not afford a sufficient basis for an award of damages.

We have carefully reviewed the evidence and conclude that the District Court was correct in its finding that insufficient evidence was presented to establish a settlement value different from the value negotiated by Purcell. We further agree with the

4

conclusion of the District Court that the testimony regarding the settlement value of the plaintiffs' claims was speculative and did not afford a sufficient basis for an award of damages. As in Kinniburgh, we conclude that the failure to prove damages is fatal to the attorney malpractice action. We hold that the Merzlaks failed to prove legal malpractice against Purcell because of their failure to prove damages.

## II

Did the court improperly award the Merzlaks **$12,398.20** in attorney's fees plus interest?

The District Court concluded that Purcell breached his duty of reasonable care in representing the Merzlaks. Accordingly it ordered a return of the attorney's fee paid by the Merzlaks to Purcell in the amount of **$12,298.20,** together with interest.

Wh le Purcell may have breached his duty of care, that is insufficient to justify an award of damages. Lorash , Kinniburgh and Weaver. Failure to prove damages is fatal to the action. Thus, we hold that the District Court improperly awarded the Merzlaks **$12,398.20** in attorney's fees, plus interest.

We remand for the entry of a judgment in accordance with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

5

_John Conway Harrison_

_William E. Hunt, Sr._

_Karla M. Gray_

_[signature]_

Justices

Justice Terry N. Trieweiler did not participate.

February 13, 1992

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


ROBERT B. GOULD
Attorney at Law
Suite 320, Fourth & Blanchard
2121 Fourth Avenue
Seattle, WA 98212


JAMES M. DRISCOLL
Attorney at Law
Pioneer Bldg., Suite 607
600 First Avenue
Seattle. WA 98104


R. D. Corette
William M. O'Leary
CORETTE, POHLMAN, ALLEN, BLACK & CARLSON
P.O. Box 509
Butte, MT 59703


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *M. Tudor*
     Deputy