No. 99-598

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 181N

LES HUDSON,

Plaintiff/ Appellant,

v.

JOCK WEST,

Defendant/ Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Matthew J. Sisler, Missoula, Montana

For Respondent:

James A. Patten, West, Patten, Bekkedahl & Green, Billings, Montana

Submitted on Briefs: December 7, 1999

Decided: July 18, 2000

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellant, Les Hudson (Hudson), brought this action in the Thirteenth Judicial District Court, Yellowstone County, to recover damages from respondent, Jock B. West (West), for alleged professional negligence in West's representation of Hudson. The District Court held that Hudson failed to establish that he suffered any injury from the alleged legal malpractice, and granted West's motion for summary judgment. Hudson appeals the District Court's decision. We Affirm.

¶3 The issue on appeal can be restated as follows:

> Did Hudson meet his burden of establishing, through substantial evidence, that a genuine issue of material fact existed to defeat West's motion for summary judgment?

## FACTUAL BACKGROUND

¶4 On July 12, 1993, the City of Billings charged Hudson with the misdemeanor offenses of assault and disorderly conduct. Hudson retained attorney West to represent him in the matter. Hudson appeared and was arraigned on the charges in Billings City Court on July 29, 1993. At the arraignment, Hudson entered a not guilty plea and requested a trial by jury. An omnibus hearing was later set for August 17, 1993. Prior to the omnibus hearing,

West learned that the August 27, 1993 trial date had been reset for December 9, 1993. On August 17, 1993, neither West nor Hudson appeared at omnibus, as a result, the court converted the jury trial to a bench trial for the same date. On August 20, 1993, West wrote to Hudson, informing him that trial was reset for December 9, 1993.

¶5 Between August and September, West entered into discussions with the City Prosecutor concerning a plea agreement for Hudson's case. Eventually, an agreement was reached whereby the City would amend the assault charge to disorderly conduct, to which Hudson would plead guilty. In addition, Hudson would forfeit bond to the originally charged offense of disorderly conduct. The net effect of the agreement left Hudson convicted of one charge of disorderly conduct. On December 9, 1993, Hudson entered a change of plea in Billings City Court pursuant to the parties' plea agreement. On December 9, 1996, Hudson filed the instant lawsuit against West alleging legal malpractice. On July 26, 1999, the District Court granted West's motion for summary judgment. Hudson now appeals that ruling to this Court.

## STANDARD OF REVIEW

¶6 Summary judgment eliminates the burden and expense of unnecessary trials. Berens v. Wilson (1990), 246 Mont. 269, 271, 806 P.2d 14, 16. Summary judgment is appropriate when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Rule 56, M.R.Civ.P. The movant has the initial burden of demonstrating the absence of a genuine issue of fact. Toombs v. Getter Trucking, Inc. (1993), 256 Mont. 282, 284, 846 P.2d 265, 266. Once the movant meets its burden, the burden shifts to the opposing party to show that a genuine issue of material fact exists. Fenger v. Flathead County (1996), 277 Mont. 507, 510, 922 P.2d 1183, 1184. The opposing party must present substantial facts which demonstrate that genuine issues of material fact remain for trial. Wangen v. Kecskes (1993), 256 Mont. 165, 172, 845 P.2d 721, 726.

¶7 In order to meet its burden, the opposing party must present substantive evidence of the existence of material facts. Klock v. Town of Cascade (1997), 284 Mont. 167, 174, 943 P.2d 1262, 1266. It cannot rely upon mere denial, speculation, or conclusory statements. *Klock*, 284 Mont. at 174, 943 P.2d at 1266. "The opposing party's facts must be material and of a substantial nature, not fanciful, frivolous, gauzy, nor merely suspicious." Fleming v. Fleming Farms, Inc. (1986), 221 Mont. 237, 241, 717 P.2d 1103, 1105. All reasonable inferences from the record, however, will be drawn in favor of the non-moving party. Simmons v. Jenkins (1988), 230 Mont. 429, 432, 750 P.2d 1067, 1069.

¶8 We review a district court's decision on summary judgment *de novo* and apply the same Rule 56, M.R.Civ.P., criteria used by that court. Swank v. Chrysler Ins. Corp. (1997), 282 Mont. 376, 379, 938 P.2d 631, 633.

## DISCUSSION

**¶9 Did Hudson meet his burden of establishing, through substantial evidence, that a genuine issue of material fact existed to defeat West's motion for summary judgment?**

¶10 Hudson argues on appeal that the District Court erred by granting West summary judgment, because the court relied upon assumptions of evidence not contained within the record. Mainly, that the statutorial safeguards, in place to protect criminal defendants, were followed. Under § 46-17-203, MCA, a city court may only accept a guilty plea if:

> (a) . . . the defendant enters a plea of guilty in open court; and

> (b) the court has informed the defendant of the consequences of the plea and of the maximum penalty provided by law that may be imposed upon acceptance of the plea.

> (2) A plea of guilty in a . . . city court . . . waives the right to trial de novo in district court. A defendant must be informed of the waiver before the plea is accepted, and the justice shall question the defendant to ensure that the plea and waiver are entered voluntarily.

Hudson asserts that his alleged ignorance of his jury trial right resulted in the harm of his conviction. Hudson, however, offers no evidence of why he would have received a better result instead of a worse one. He was facing a potential conviction of both assault and disorderly conduct.

¶11 Normally, issues of negligence are questions of fact not readily susceptible to summary adjudication. Brohman v. State (1988), 230 Mont. 198, 202, 749 P.2d 67, 70. In cases where reasonable minds could reach but one conclusion, however, questions of fact may be determined as a matter of law. *Brohman*, 230 Mont. at 203, 749 P.2d at 70. Summary judgment favoring a defendant is proper where a plaintiff fails to establish an element material to the negligence. Bickler v. The Racquet Club Heights Assoc. (1993), 258 Mont. 19, 23, 850 P.2d 967, 970. To recover damages in a legal malpractice claim a plaintiff must establish all of the following:

(1) the professional owed him a duty;

(2) the professional failed this duty;

(3) plaintiff suffered injury; and

(4) the professional's conduct was the proximate cause of the injury.

Merzlak v. Purcell (1992), 252 Mont. 527, 529, 830 P.2d 1278, 1279.

¶12 Hudson fails to present substantial evidence of how West's conduct caused him injury. All of Hudson's alleged injuries flow from the fact that he pled guilty to disorderly conduct and forfeited his bond pursuant to the negotiated plea agreement. Hudson's alleged injuries, however, amount to nothing more than mere speculation. Hudson offers no substantial evidence of how he would have obtained a better result from a jury trial. Instead, Hudson merely asserts injury. The record, however, is devoid of any substantial evidence of actual injury caused by West's legal representation of Hudson.

¶13 Further, Hudson fails to establish that he did not knowingly waive his right to a jury trial. Without evidence to the contrary, the District Court was justified in presuming that legal procedures were followed in the normal course of court proceedings.

¶14 Hudson's failure to establish injury is fatal to his alleged attorney malpractice claim. *Merzlak*, 252 Mont. at 529, 830 P.2d at 1279. Hudson failed to meet his burden of establishing the existence of a material fact able to defeat West's motion. The District Court order granting summary judgment to West is affirmed.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ W. WILLIAM LEAPHART

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JIM REGNIER