No. 00-777

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 160

TRAVIS HAUSCHULZ,

Plaintiff and Appellant,

v.

MICHAEL LAW FIRM,

Defendant and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Travis Hauschulz, Boise, Idaho (*pro se*)

For Respondent:

Mark T. Errebo, Billings, Montana

Submitted on Briefs: March 29, 2001
Decided: August 14, 2001

Filed:

_____

Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Travis Hauschulz (Hauschulz), a prisoner in Idaho, filed this civil complaint for legal malpractice against the Michael Law Firm (Michael), arising out of Michael's representation of him in criminal proceedings in Montana. The District Court dismissed the complaint when Hauschulz did not appear at the hearing, finding that Hauschulz stated no actionable claim. Hauschulz appeals. We reverse and remand.

¶2 The dispositive issue on appeal is whether the District Court erred in dismissing the civil action for malpractice for Hauschulz' failure to state any claim upon which relief could be granted.

**Facts**

¶3 Travis Hauschulz was charged with criminal mischief, resisting arrest, and family member assault in Billings. While awaiting his trial date, he was extradited to Idaho on unrelated charges and incarcerated there. In his absence, Hauschulz' grandfather retained Michael to represent Hauschulz in the Billings criminal proceedings, which Hauschulz would be unable to attend due to his incarceration. According to Hauschulz, Michael was instructed to move the court to dismiss the criminal charges unless Montana was willing to extradite Hauschulz. If the State did decide to extradite Hauschulz, Michael was to move to reset the trial. Instead, Hauschulz alleges, Michael showed up on the trial date, professed not to know where his client was, and negotiated a plea agreement on behalf of Hauschulz which Hauschulz never authorized. Michael has not disputed these contentions.

¶4 Upon learning of Michael's actions, Hauschulz filed a *pro se* civil action against Michael, alleging due process and equal protection violations, and requesting dismissal of the criminal charges, monetary damages, damages for the constitutional violations, and repayment of $300 that his grandfather was forced to pay from a bond. After the case was

filed, Hauschulz tried to reach the District Court so that he could be present for pre-trial proceedings by telephone or via some mode of transportation. He also asked the District Court to appoint counsel for him. The District Court denied his request for counsel, and never communicated with Hauschulz concerning his other requests. Hauschulz was therefore not represented either in person or by counsel at pre-trial proceedings.

¶5 At the pre-trial hearing, Michael moved to dismiss for failure to state a claim. The District Court found the motion well-taken, determining that no damage was alleged, and that no relief could be given. The District Court judge reasoned:

> [Hauschulz'] civil case is, from the pleadings and the offer of proof, is obvious that the plea bargain was reached as an alternative to allowing the City Court to proceed to try the defendant in absentia. The - oh, all of this stems from the defendant's not appearing at his trial, so all of this that has occurred in this case is the defendant's fault for not being at his own trial.
>
> It would appear that the defense attorney got him a better deal than he would have otherwise - would have been entitled to, so it does not appear that there are any damages that could be awarded to the plaintiff pursuant to anything Mr. Michael did in this case.

## Discussion

¶6 The dispositive issue on appeal is whether the District Court erred in dismissing Hauschulz' civil action for malpractice for the failure to state a claim for which relief could be granted.

¶7 A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Trankel v. State Dept. of Military Affairs* (1997), 282 Mont. 348, 350, 938 P.2d 614, 616. In *Lockwood v. W.R. Grace & Co.* (1995), 272 Mont. 202, 207, 900 P.2d 314, 317 we stated:

> A motion to dismiss under Rule 12(b)(6), M.R.Civ.P., has the effect of admitting all well-pleaded allegations in the complaint. In considering the motion, the complaint is construed in the light most favorable to the plaintiff, and all allegations of fact contained therein are taken as true.

¶8 The determination that a complaint fails to state a claim upon which relief can be granted is a conclusion of law. *Trankel*, 282 Mont. at 351, 938 P.2d at 616. This Court reviews a district court's conclusions of law to determine whether the court's interpretation of the law is correct. *Trankel,* 282 Mont. at 351, 938 P.2d at 616. This Court will affirm the dismissal only if we find that the plaintiff is not entitled to relief under any set of facts which could be proven in support of the claim. *Trankel,* 282 Mont. at 350-51, 938 P.2d at 616 (citation omitted).

¶9 Hauschulz argues that Michael breached his duty of care as an attorney when he disregarded his instructions, and entered a guilty plea on Hauschulz' behalf to the criminal charges without consulting with him or obtaining authority to enter a plea. Michael does not dispute Hauschulz' facts. Instead, he argues that the malpractice case was properly dismissed. He reasons that the District Court had no authority to dismiss the criminal conviction, as Hauschulz requested, or to grant money damages. Michael claims that no actionable claims were provable at trial, because none were alleged. We disagree.

¶10 We note that Hauschulz has asked for relief arising out of the criminal conviction, and that he also seeks damages for attorney malpractice. We cannot address the voluntariness issues relating to Hauschulz' criminal conviction in this proceeding. A request for relief from the criminal conviction would be properly brought in a separate action. However, it is clear that if the facts are as Hauschulz has stated, he could be entitled to some of the relief requested in the action for malpractice.

¶11 To recover damages in a legal malpractice claim, a plaintiff must establish each of the following elements: first, that the professional owed him a duty of care; second, that the professional breached this duty by a failure to use reasonable care and skill; third, that he has suffered an injury; and finally, that the professional's conduct was the proximate cause of the injury. *Merzlak v. Purcell* (1992), 252 Mont. 527, 529, 830 P.2d 1278, 1279.

¶12 The first element is clearly satisfied. It is undisputed that an attorney-client relationship existed between Hauschulz and Michael. Although Hauschulz' grandfather contacted Michael and paid the legal fees, Michael accepted the case and went into court professing to represent Hauschulz. Michael does not dispute this.

¶13 The second element requires Hauschulz to establish that Michael breached his duty of care through his failure to use reasonable care and skill. Michael argues that it was necessary to enter a guilty plea on Hauschulz' behalf because Hauschulz failed to attend

his trial. Hauschulz, however, was clearly precluded from attending the trial by his incarceration in Idaho. This was the reason for Michael's retention in the first place, and for Hauschulz' request that Michael demand extradition or seek dismissal, or in the alternative, move to postpone the trial. Hauschulz alleges that Michael never contacted him either on or before the trial date to discuss the charges or the decision to enter a plea. Michael's failure to consult with his client prior to entering a guilty plea on his behalf could clearly be construed as a failure to use reasonable care and skill.

¶14 The third and fourth elements, that the plaintiff could have suffered an injury as a result of the breach, are stated as well. Michael argues, and the District Court agreed, that, whatever fault there may have been in Michael's representation of Hauschulz, the guilty plea entered by Michael could have caused Hauschulz no harm. We disagree. Although Hauschulz does not have to serve any additional prison time as a result of his conviction on these charges, there are arguably genuine consequences to the conviction. Hauschulz was deprived of his constitutional right to a trial, he lost the prospect of having the Billings' charges dismissed for the State's refusal to extradite him, and he suffers from having additional criminal convictions on his record which may prompt enhanced criminal penalties in the future. Harm is at issue.

¶15 Our review is limited to the question of whether the District Court erred in dismissing Hauschulz' malpractice action for failure to state any claim upon which relief could be granted. We conclude that Hauschulz has stated a sufficient claim to survive a Rule 12(b) 6, M.R.Civ.P., challenge, as Hauschulz may be able to prove a set of facts in support of his malpractice claim which would entitle him to relief. *Trankel*, 282 Mont. at 350, 938 P.2d at 616. We therefore hold that the District Court erred in dismissing Hauschulz' malpractice claim for failure to state a claim upon which relief could be granted, and we reverse and remand for further proceedings consistent with this opinion. Because of the unique circumstances of this case, we urge the District Court to give Hauschulz time to properly re-plead his case, and either find an attorney to represent him in this action, or indicate to the court when he will be able to prosecute the complaint *pro se*.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

/S/ JIM RICE

/S/ JAMES C. NELSON