JUSTICE NELSON
concurs.
¶30 I concur in the legal analysis of our decision, but, frankly, the result is distressing. Hauschulz has been the victim of our justice system from the beginning-starting when his counsel negotiated an unauthorized plea agreement in a criminal case while Hauschulz was incarcerated out of state on another charge. Hauschulz v. Michael Law Firm, 2001 MT 160, ¶ 3, 306 Mont. 102, ¶ 3, 30 P.3d 357, ¶ 3 (Hauschulz I).
¶31 As our Opinion in Hauschulz I and our decision here demonstrate, Hauschulz, while all the time incarcerated, has attempted to file and prosecute a civil malpractice case against his former counsel. Not *104 surprisingly, he has had virtually no success because, in his situation, he has not been able to hire someone to represent him and because of the institutional barriers that make filing and prosecuting a civil case from prison a virtual impossibility without counsel.
¶32 We, as a judiciary, rail about the issue of lack of access to justice; we gush over our grand intentions to improve the hopeless situation in which people without money and influence find themselves when they attempt to seek redress in our courts. Montana’s constitutional guarantees of access to the courts (Article II, Section 16), due process (Article II, Section 17) and equal protection of the laws (Article II, Section 4) have no real meaning for these people. Indeed, they are little more than the road-kill of the justice system grinding on. And, frankly, most of the gushing is simply that-talk. The phrase “liberty and justice for all” really ought to be changed to “liberty and justice for those who can pay for it.”
¶33 Legally, our decision is correct. To that extent I concur.
JUSTICE COTTER joins in the concurrence of JUSTICE NELSON.