JUSTICE NELSON,
concurring.
¶48 I concur in the Court’s decision-including the Court’s holding that an attorney whose actions caused the loss of the underlying claim in the first place cannot then rely on the savings statute (§ 27-2-407, *470 MCA) as a defense in the legal malpractice action and affirmatively argue that the plaintiffs should be penalized for failing to act to correct his mistake. Opinion, ¶ 46. I write separately to address the “suit within a suit” concept in further detail, and to acknowledge points that I made in a prior, unpublished dissent concerning the doctrine of proximate cause.
I. Suit Within a Suit
¶49 The injury which the Labairs sustained as a result of Carey’s negligence was the loss of the opportunity to bring their medical malpractice claim and pursue a remedy for the loss of their newborn baby. This opportunity included both the right to present the case to the jury and the prospect of a settlement prior to going to trial. Opinion, ¶¶ 31-34. This opportunity was lost for one single, undisputed reason: Carey breached his duty of care by failing to timely file with the MMLP. But for Carey’s breach, the Labairs would not have lost the opportunity to pursue their medical malpractice claim to trial, or at least as far as a pretrial settlement. Liability, therefore, has been established in this case, and the Labairs are entitled to summary judgment on the elements of duty, breach, and causation. There remains only the question of damages. Opinion, ¶ 40.
¶50 We have said that “[t]he proper measure of damage in an attorney malpractice action is the difference between the client’s recovery and the amount that would have been recovered by the client except for the attorney’s negligence.” Merzlak v. Purcell, 252 Mont. 527, 529, 830 P.2d 1278, 1279 (1992). Translated to the present context, where the client recovered nothing due to the attorney’s negligent failure to properly file the claim, the question is how much would have been recovered had the claim been properly filed, i.e., How much was the lost claim worth? The plaintiffs will need to show, on a more-probable-than-not basis, that their underlying claim would have resulted in a verdict in their favor, or that it at least had settlement value. Opinion, ¶¶ 41, 45. The defending attorney, on the other hand, will attempt to rebut this showing. It will then be up to the jury to decide who is right-that is, what the likely outcome of the plaintiffs’ suit would have been (had their attorney not negligently failed to properly file the claim) and what value they likely would have gained out of this disposition.
¶51 In Stott v. Fox, 246 Mont. 301, 805 P.2d 1305 (1990), the Court adopted the proposition that in order for the plaintiffs to prevail against the defendant attorney in their legal malpractice action, “they must show that their underlying action... would have been successful. *471 Some courts, in describing this procedure, have termed it as a ‘suit within a suit.’ ” 246 Mont. at 305, 805 P.2d at 1307-08 (emphasis added) (quoting Lieberman v. Employers Ins. of Wausau, 419 A.2d 417, 426 (N. J. 1980)). Under this approach, “[t]he trier of fact in a legal malpractice case is called upon, in effect, to decide what the outcome for the plaintiff would have been in the earlier case if it had been tried properly .... Put another way, the second trier of fact will be asked to decide what a reasonable jury or fact finder would have determined, but for the attorney’s negligence.” Richards v. Knuchel, 2005 MT 133, ¶ 18, 327 Mont. 249, 115 P.3d 189.
¶52 As the Court clarifies, a plaintiff in a legal malpractice action is not required at the summary judgment stage to prove, as a prerequisite to proceeding to trial, that she “would have been successful” in her underlying medical malpractice case. Opinion, ¶¶ 37-40. Rather, “a plaintiff must simply establish that, but for her attorney’s negligence, she would have been able to present sufficient evidence to withstand summary judgment for the defendant doctor and reach the jury with her case.” Opinion, ¶ 38. Furthermore, at the trial on the legal malpractice claim, the plaintiff need not necessarily show that she “would have been successful” at a trial on the underlying claim-the “suit within a suit” which, as the Court notes, is a literal impossibility. Opinion, ¶ 42. Rather, the manner of proving damages must be “tailored to the nature of the loss sustained.” Opinion, ¶ 44.
¶53 While I concur in this holding for purposes of the present case, I question whether the “suit within a suit” framework is ever an appropriate requirement to impose on a legal malpractice plaintiff in order to establish damages. In my view, it makes no sense-indeed, it is unjust-to require the legal malpractice plaintiff to bear the burden of proving that her underlying suit “would have been successful” but for her attorney’s blunder. Such an approach, which Carey relies on here, allows the attorney to benefit from his own wrongdoing. The attorney’s negligence is what put the plaintiff in this situation in the first place. Having botched the underlying case, the attorney should not be able to avoid paying damages by aligning himself with the defendant in the underlying case and arguing (to the fact-finder in the legal malpractice case) that the plaintiffs underlying claim lacked merit or would not have been successful. If the underlying claim was *472 that tenuous, the attorney was ethically obligated not to pursue it.[1] At the very least, the attorney should have advised the plaintiffs, within the statute of limitations, that he could not ethically pursue the case and that they should seek other counsel and a second opinion. The attorney cannot simply let the statute of limitations run, without giving his clients the opportunity to seek other counsel and pursue their claim within the limitations period provided by law.
¶54 Furthermore, the “would have been successful in the underlying suit” standard is totally unrealistic. Who knows what a jury in an actual medical malpractice trial would have determined? The jury’s verdict is a function of what evidence was offered, how that evidence came into the trial, how the jury determined the credibility of the witnesses, what evidence the jury believed or did not believe, what instructions were given, how the jury’s deliberations proceeded, etc. One jury could have awarded substantial damages to the plaintiff, while another jury, on a different day and in a different trial with different jurors, could have rendered a defense verdict.
¶55 The focus in the legal malpractice trial must remain on the injury actually caused by the attorney-here, the loss of opportunity to present the underlying claim, or at least to settle it, and the probable value of that claim. Those issues can be determined through something short of a full-blown medical malpractice suit within the legal malpractice suit.
¶56 It is for these reasons that I conclude the “suit within a suit” framework should not have been adopted in the first place.[2] The plaintiff should not have to try her medical malpractice case to her legal malpractice jury in order to establish entitlement to damages. In my view, the most that reasonably can be required of the legal *473 malpractice plaintiff is that she show what the more-probable-than-not outcome of her underlying case was-not that she necessarily “would have been successful” but for her attorney’s negligence. The plaintiffs burden under this “probable outcome” test will depend on the nature of the underlying case.
¶57 Where, as here, the underlying suit involved a medical malpractice claim, it will be necessary to present expert analysis of the medical facts and evidence, as well as past jury verdicts in similar cases, and testimony as to what the more probable disposition of the claim would have been-such as a jury verdict of $2 million, or a pretrial settlement of $20,000. It will be up to the jury to decide whether the plaintiff has presented the more credible assessment of the likely outcome of her underlying claim. Under no circumstances, however, should the negligent attorney be permitted to align himself with the defendant physician in arguing that the medical malpractice claim was not viable or would not have been successful. Having created the situation, the defendant attorney should not then be permitted to benefit from his own wrongdoing.
II. Proximate Cause
¶58 I wrote a dissent in Penn v. Third Jud. Dist. Ct., OP 10-0158 (Mont. June 29, 2010),[3] where I contended that this Court should jettison the doctrine of “proximate cause,” along with the concept of “superseding intervening cause.” Penn, at 9-16, 2010 Mont. Dist. LEXIS at **10-26 (Nelson, J., dissenting). I continue to maintain that these concepts unnecessarily complicate the law of negligence. Without going into an extensive analysis here, the foreseeability considerations which bear on superseding intervening cause can be, and are, addressed within the context of duty. In other words, I would conflate duty and proximate cause, since they really address the same seminal issue: limiting a negligence defendant’s liability to foreseeable plaintiffs and foreseeable harms.
If duty is defined in terms of foreseeable harms-which it is-then the question of superseding intervening cause can be resolved at the duty stage: A defendant’s duty extends to those harms that are foreseeable in light of his conduct; thus, if a superseding intervening cause enters the fray and causes a harm that was not reasonably foreseeable (again, in light of the defendant’s conduct), *474 then the defendant is not liable for that harm because he owed no duty to the plaintiff to protect against that harm. His duty is to protect persons within the range of apprehension from harms that are reasonably foreseeable in light of his conduct.
Penn, at 13-14, 2010 Mont. Dist. LEXIS at *20 (Nelson, J., dissenting); see also Busta v. Columbus Hosp., 276 Mont. 342, 367-70, 916 P.2d 122, 137-38 (1996), and the authorities cited therein. Meanwhile, however, the Court has correctly set forth the law on proximate cause as it presently stands, and I join the Court’s clarifications of that law as applied to legal and medical malpractice claims. Opinion, ¶¶ 21-24. ¶59 With the foregoing observations, I concur in the Court’s decision.

 “A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein: (1) without having first determined through diligent investigation that there is a bona fide basis in law and fact for the position to be advocated; (2) for the purpose of harassment, delay, advancement of a nonmeritorious claim or solely to gain leverage; or (3) to extend, modify or reverse existing law unless a bona fide basis in law and fact exists for advocating doing so.” Mont. R. Prof. Conduct 3.1(a) (paragraph breaks omitted).

 Ironically, the court in Lieberman (the precedent which this Court cited in adopting the “suit within a suit” framework, see Stott, 246 Mont. at 305, 805 P.2d at 1307-08) determined that the plaintiff there “should not be restricted to the more or less conventional mode of trying a ‘suit within a suit’ to establish entitlement to damages.” Lieberman, 419 A.2d at 426 (emphasis added).

 This Court’s Order in Penn is presently available at 2010 Mont. Dist. LEXIS 197. Although Lexis designates this as an order of the Third Judicial District Court, it is in fact an order of this Court concerning a petition for writ of supervisory control.