**FILED**

April 22 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 13-0750

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 105

ANNE DEBOVOISE OSTBY
ANDREW JAMES OSTBY,

        Petitioners and Appellants,

   v.

BOARD OF OIL AND GAS CONSERVATION
OF THE STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Fifteenth Judicial District,
In and For the County of Sheridan, Cause No. DV 46-2012-9
Honorable David Cybulski, Presiding Judge

COUNSEL OF RECORD:

       For Appellants:

          Anne Debevoise Ostby, Attorney at Law, Dagmar, Montana

       For Appellee:

          Robert Stutz, Assistant Attorney General, Montana Board of Oil and Gas
Conservation, Helena, Montana

                        Submitted on Briefs:  March 26, 2014
                                  Decided:  April 22, 2014

Filed:

                _____

                             Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Anne and Andrew Ostby appeal from the District Court's order of September 10, 2013, dismissing their petition for judicial review. We reverse.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2 The Legislature established the Montana Board of Oil and Gas Conservation with broad authority to issue permits to drill for oil and gas and to regulate those activities. Section 82-11-111, MCA; *Montana Wildlife Federation v. Montana Board of Oil & Gas Conservation*, 2012 MT 128, ¶ 6, 365 Mont. 232, 280 P.3d 877. In December 2011 the Board published notice of its intent to "establish special statewide temporary spacing units for wells drilled to the Bakken/Three Forks Pool," including parts of Sheridan, Roosevelt and Richland Counties in Montana. The Board may establish spacing units after notice and hearing, § 82-11-201, MCA. The Ostbys appeared at the meeting at which the Board considered the spacing unit proposal, and objected that they had received insufficient notice and that the Board had not followed proper procedures. The Board proceeded to consider and adopt the spacing unit proposal. On March 2, 2012, the Board issued a written order adopting the spacing unit.

¶3 In April 2012 the Ostbys filed in District Court a "Petition for Judicial Review of Order Adopted by the Board of Oil and Gas Conservation." The Petition stated that it was filed "pursuant to sections 82-11-144 and 2-4-702, MCA." The Petition alleged that the Board's adoption of the spacing order was in excess of its statutory authority, and that it was arbitrary and an abuse of discretion. The Petition requested that the District Court hold the

Board's action unlawful, set aside the Board's order, and grant such other relief as may seem proper.

¶4 The Board moved to dismiss the Petition and on September 10, 2013, the District Court entered a brief "Order Granting Motion to Dismiss." The District Court's stated rationale for dismissing Ostbys' proceeding was that the "sole remedy for a person aggrieved by an order of the MBOGC is a challenge under Section 82-11-144, MCA." Ostbys appeal.

## STANDARD OF REVIEW

¶5 This Court reviews a decision on a motion to dismiss de novo, to determine whether it is correct. *Hartsoe v. Tucker*, 2013 MT 256, ¶ 6, 371 Mont. 539, 309 P.3d 39; *Grizzly Security v. The Armored Group*, 2011 MT 128, ¶ 12, 360 Mont. 517, 255 P.3d 143.

## DISCUSSION

¶6 The issue on appeal is whether the District Court properly granted the Board's motion to dismiss Ostby's petition.

¶7 A district court considering a motion to dismiss an action should construe the complaint in the light most favorable to the plaintiff, deeming all factual allegations as true, and dismissal is warranted only if plaintiff is not entitled to relief under any set of facts. *Missoula YWCA v. Bard*, 1999 MT 177, ¶ 3, 295 Mont. 260, 983 P.2d 933; *Hauschulz v. Michael Law Firm*, 2001 MT 160, ¶¶ 7-8, 306 Mont. 102, 30 P.3d 357; *Meagher v. Butte-Silver Bow County*, 2007 MT 129, ¶ 13, 337 Mont. 339, 160 P.3d 552.

¶8 The only rationale the District Court gave for granting the motion to dismiss was that the "sole remedy for a person aggrieved by an order of the MBOGC is a challenge under Section 82-11-144, MCA." That statute provides that a person adversely affected by an

3

order of the Board may obtain court review and may seek relief by a suit for injunction against the Board. In *Montana Wildlife Federation* the Federation challenged permits issued by the Board on the ground that the Board's environmental assessments were inadequate under the Montana Environmental Policy Act, § 75-1-101, et seq., MCA. The Federation contended that since its challenge was based upon MEPA, judicial review was limited to the Board's administrative record and that it was improper to consider other evidence regarding the Board's action. This Court held that § 82-11-144, MCA, is the more specific statute and that it governs review of Board actions. Therefore, the district court was not limited to the Board's administrative record and could receive additional evidence when conducting a review of the Board's decisions. *Montana Wildlife Federation*, ¶ 29.

¶9 Ostbys seek to distinguish *Montana Wildlife Federation* on the ground that they invoked the Montana Administrative Procedure Act (§ 2-4-101, et seq., MCA) and not MEPA in their petition for judicial review. A judicial review proceeding under MAPA, is generally confined to the agency's record, § 2-4-704, MCA. Ostbys contend that they are entitled to limited judicial review under MAPA, citing § 82-11-141, MCA. That statute provides that "*[u]nless otherwise provided*, the Montana Administrative Procedure Act applies" to proceedings involving the Board. (Emphasis added.) Ostbys contend that unless MAPA governs judicial review of Board actions, § 82-11-141, MCA, will be "superfluous."

¶10 Section 82-11-141, MCA, carries the important caveat that MAPA applies to Board proceedings "unless otherwise provided." It is clear that § 82-11-144, MCA, provides otherwise as to "court review" of actions of the Board. In *Montana Wildlife Federation* this Court determined that § 82-11-144, MCA, is a specific statute governing court review of

4

Board actions, and that it should be applied instead of provisions generally applicable to a broad array of State activities. *Montana Wildlife Federation*, ¶ 29. In addition, MAPA itself specifically provides that its judicial review provisions do not "limit use of or the scope of judicial review available under other means of review, redress, relief or trial de novo provided by statute." Section 2-4-702(1)(a), MCA.

¶11 We conclude that a proceeding seeking judicial review of an order of the Board of Oil and Gas Conservation must proceed as a de novo review in district court and not as a judicial review under MAPA. Sections 2-4-702(1) and 82-11-144, MCA; *Montana Wildlife Federation*, ¶ 29.

¶12 While § 82-11-144, MCA, governs the Ostbys' challenge to the Board's action, that does not determine whether the District Court properly dismissed their action. We conclude that the District Court erred in dismissing the action. Even though Ostbys argue that they are entitled to MAPA judicial review limited to the administrative record, they also clearly cited and relied upon § 82-11-144, MCA, as a legal basis for their petition. As noted, their petition was expressly filed "pursuant to" § 82-11-144, MCA. The Petition alleged, in language closely following that statute, that the Board failed to follow proper procedure and that its adoption of the spacing order was in excess of its statutory authority. The Petition alleged, also closely following the statute, that the Board's action was unwarranted by facts in the record, and that it was arbitrary and an abuse of discretion. The Petition alleged, again closely following that statute, that the Board's action interfered with Ostbys' contractual mineral interests, and requested that the District Court hold unlawful and set aside the Board's Order, and grant such other relief as may seem proper.

5

¶13    These allegations, coupled with the Ostbys' express reliance upon § 82-11-144, MCA, should have been sufficient to save their Petition from dismissal by the District Court on the ground that they had not pursued their "sole remedy" of proceeding under that very statute. The District Court could have allowed the action to proceed under § 82-11-144, MCA, as pled in the Petition. To the extent that the Ostbys incorrectly relied upon MAPA judicial review, the District Court could have stricken the claim for judicial review under MAPA or it could have allowed Ostbys an opportunity to file an amended Petition. Outright dismissal of the Petition, however, was not warranted.

¶14    The District Court should have allowed the Ostbys to proceed with their claims under § 82-11-144, MCA. The District Court's order dismissing the action is reversed and this matter is remanded for further proceedings.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JIM RICE