JUSTICE MCKINNON,
dissenting.
¶30 I respectfully dissent from the Court’s decision to reverse and remand for a new trial. In my opinion, the Court has rewritten Labair 7; changed the law of the case, to the extent the law of Labair I could reasonably be discerned; and conflated burdens of proof for causation and damages. The District Court labored onerously in its commitment to follow and understand our decision in Labair I. The court’s instruction that the Labairs must show that they would have actually settled is a correct statement of the law of negligence. However, regardless of the correctness of the instruction, when examining the context of the entire record—the jury instructions as a whole; the Special Verdict form (to which no objection was made); and, in particular, our confusing reasoning in Labair I—I cannot find that the District Court abused its discretion when it instructed the jury that for the Labairs to recover the jury must find they “would have settled.”
¶31 Our decision results from our efforts in Labair I to create an injury and fashion a remedy which was not only novel and unique, but distanced this Court from the mainstay of authority provided by other jurisdictions. In Labair I, we recognized, for the first time and devoid of any authority, that a loss of opportunity to settle a claim can be an injury. Although we cited as authority for creating this new injury Jenkins v. St. Paul Fire & Marine Ins. Co., 422 So.2d 1109, 110 (La. 1982), stating “[o]ther jurisdictions have similarly recognized that the loss of the opportunity to bring a claim can constitute prima facie evidence of an injury,” Labair I, ¶ 32, (emphasis added), Jenkins considered only the lost opportunity to bring a claim and not the lost opportunity to settle a claim. It is well established that the loss of opportunity to bring a claim is a recognizable cause of action in legal malpractice cases which, within the framework of a “suit within a suit,” is a compensable injury if causation is demonstrated. However, there is no authority recognizing a right to settlement and injuries resulting *244 from a loss of settlement opportunity.[1] Nonetheless, while we recognized a distinction in the type of injury between a lost opportunity to bring a claim and a lost opportunity to settle a claim, we failed to appreciate a distinction in causation and damages between the injuries and to instruct the trial court on remand accordingly. Had we done so, we might have seen the fallacy of our reasoning in allowing the pursuit of a claim for loss of opportunity to settle. The court, counsel, and the jury had the misfortune of laboring under our guidance in Labair I. In my opinion, despite the unmanageability of Labair I, the jury recognized and dealt with the salient issue in these proceedings—that the Labairs were not interested in settling their claim. I would not prolong the agony of this case and add another layer of poorly reasoned precedent by finding an abuse of discretion on the part of the trial court.
¶32 Settlements result from a multitude of unique factors, including the mental disposition of the parties, which are difficult to account for when considering causation and damages. Preliminarily, in my opinion, “[t]here is “no ‘right’ to a settlement, which is an extra-judicial action of the parties taken for any number of reasons, some of which are completely unrelated to a claim’s validity.” Labair I, ¶ 63 n. 1 (J. Rice, concurring). The District Court’s misfortunes stem from our creation in Labair I of a stand-alone injury of a loss of settlement potential, and our statements implying that causation for such a claim has already been established by Carey’s admission of duty and breach of that duty. Furthermore, we conflated causation for these two distinct injuries. InLabairl, we held that “Carey was the cause-in-fact of the Labairs’ loss of their medical malpractice case ...f Labair I, ¶ 39 n. 5: that is, that Carey was the cause-in-fact of the Labairs’ loss of the opportunity to bring a claim. It does not follow, however, that such a conclusion is equally dispositive of a lost opportunity to settle. There is little question that by hiring a lawyer and pursuing a medical malpractice action, the Labairs intended to bring a claim] however, the *245 same cannot be said regarding an intention to settle a claim, especially when there was evidence indicating the Labairs were not interested in settling.[2] The jury and the District Court, in contrast to this Court in Labair I and here, appreciated these distinctions. While the Labairs’ counsel protested and argued that another burden was being placed upon the Labairs, the court’s instruction that the Labairs would have actually accepted a settlement was consistent with the law of causation and damages.
¶33 It is thus painfully apparent that the issues in the current appeal arise from our inconsistencies and incorrect reasoning regarding causation and damages inLabairl. We stated in Labair I that“[u]nder circumstances such as this—where duty and breach are admitted, and an untimely filing caused the loss of a claim with some value—legal causation can be decided as a matter of law.” Labair I, ¶ 36. Despite our conclusion that causation was established as a matter of law, Labair I, ¶ 36, and fact, Labair I, ¶ 39 n. 5, we remanded for the Labairs to establish, within the context of a “suit within a suit” analysis, that “it is more probable than not that they would have recovered a settlement or a judgment against Dr. Baumgartner but for Carey’s negligence, as well as the value of the lost settlement and/or judgment.” Labair I, ¶ 41 (emphasis added). It makes no sense to, first, remove from determination by a jury the question of causation, finding it established as a matter of law and leaving nothing but the amount of damages to be ascertained by a jury. It is, second, inconsistent to next remand for causation to be established—“they would have recovered a settlement... but for Carey’s negligence ....” Labair I, ¶ 41. Our use of “but for” language relates to causation, which, after examining our precedent discussing “proximate cause” within the context of a legal malpractice action, we concluded was the appropriate test to be applied. Labair I, ¶ 21 (“We take this opportunity to clarify our previous legal malpractice jurisprudence and reconcile the causation analysis with this Court’s decision in Busta ....”). Nonetheless, we simultaneously established causation as a matter of law, Labair I, ¶ 36, while remanding for the jury to determine causation in the context of a “suit within a suit.” Labair I, ¶ 41. Significantly, with respect to this inconsistency, we fail to distinguish between causation and damages respecting loss of opportunity to bring *246 a claim and that of a loss of opportunity to settle a claim.
¶34 Today, the Court rewrites Labair I, in favor of the Labairs, to definitively conclude that causation regarding the loss of opportunity to settle a claim, in addition to causation to bring a claim, was established in Labair I as a matter of law. The Court enters judgment as a matter of law on duty, breach, and causation, leaving only the amount of damages to be determined by a jury. First, as already seen, we were inconsistent in Labair I regarding causation and, in particular, its relationship to damages. Second, we failed to appreciate a distinction in causation between the two types of injuries. There is no question that by hiring a lawyer and pursuing a medical malpractice action, the Labairs intended to bring a claim which they lost the opportunity to pursue. However, the same cannot be said for an intention to accept and settle a claim, which must first be demonstrated before the Labairs can receive damages as compensation for the injury of a lost opportunity to pursue settlement. Accordingly, in establishing a new “two-part burden” we have changed the law of the case by removing the requirement that the Labairs demonstrate they would have accepted a settlement and that “but for” Carey’s negligence they lost the opportunity to settle. Instead, we include what was omitted in Labair I by concluding “[t]his determination, however, was established as law of the case by virtue of our conclusion in Labair I that the Labairs did in fact lose the opportunity to settle.” Opinion, ¶ 25. Thus, the only remaining element the Labairs must establish is the “likely range of value of a settlement.” Opinion, ¶ 27. (See also Opinion, ¶ 26; “thus we conclude that the Labairs are entitled to judgment as a matter of law on this first element [but for causation] of settlement damages.”) We arrive at this conclusion despite the jury having found that Carey’s failure to file a claim was not the cause of the Labairs’ injuries, both for the loss of opportunity to bring a claim and the loss of opportunity to settle a claim. This leaves us with the unbelievable and astounding proposition that, in a negligence action, this Court may remove from consideration by a jury nearly the entire action—duty, breach, causation, and damages—leaving only the amount of damages to be determined by the jury. While we may not have stated this clearly in Labair I, we do so, unfortunately, here. The Court’s reasoning, at the very least, is unprecedented.
¶35 Finally, I would be remiss if I failed to point out that the District Court’s instruction to the jury that it must find the Labairs actually would have settled was, in fact, a correct statement of the law. A legal malpractice case is a negligence action that imposes a standard of care *247 that is both objective and external, rather than that of individual judgment. “It must be the same for all persons, since the law can have no favorites; and yet allowance must be made for some of the differences between individuals, the risk apparent to the actor, his capacity to meet it, and the circumstances under which he must act.” Restatement (Second) of Torts § 283 cmt. c (1965). The law of torts attempts to “put an injured person in a position as nearly as possible equivalent to his position prior to the tort.” Restatement (Second) of Torts § 901 cmt a (1965). Attorney malpractice is professional negligence. “The proper measure of damage in an attorney malpractice action is the difference between the client’s recovery and the amount that would have been recovered by the client except for the attorney’s negligence.” Merzlak v. Purcell, 252 Mont. 527, 529, 830 P.2d 1278, 1279 (1992). A claim of malpractice must have resulted in damages. Kane v. Miller, 258 Mont. 182, 187, 852 P.2d 130, 133 (1993).
¶36 In contrast to the duty of care element for a negligence action, we do not impose an objective standard or “reasonable man” standard when determining whether causation has been established and damages have been incurred. Hence, the Court is incorrect when it concludes that the District Court, by requiring the Labairs to establish they would have actually settled, imposed an additional, subjective burden of proof upon the Labairs. Opinion, ¶¶ 24-25. Contrary to the Court’s reasoning, whether the Labairs themselves did indeed sustain damages is a subjective inquiry which examines the particular circumstances of the Labairs’ situation. Proof of damages means that the recovering party has demonstrated that they would have actually recovered; that is, under the circumstances present here, that they would have accepted the settlement. This is in accord with jurisdictions that have considered the failure of an attorney to communicate a settlement offer. See Cannistra v. O’Connor, McGuinness, Conte, Doyle, Oleson & Collins, 286 A.D.2d 314, 316 (N.Y. App. Div. 2001) (“Here, the plaintiffs failed to demonstrate that, but for the defendant’s alleged negligence, they would have accepted the County’s settlement offer and not have sustained any damages.”); Bauza v. Livington, 40 A.D.3d 791 (N.Y. 2007) (“Here, the plaintiffs failed to demonstrate that, but for the defendant’s alleged negligence, they would have accepted the defendant’s offer of settlement!.]”). To recover in any negligence action, there is always a requirement that the damages be the plaintiffs actual damages which, by their very nature, is not an objective standard.
¶37 When reviewing a trial court’s instructions to the jury, we consider the instructions in their entirety, in connection with other instructions *248 given, and the evidence introduced at trial. Instructions to the jury must fully and fairly instruct the jury regarding the applicable law. Goles, ¶ 9. Consistent with Labair I, the court instructed the jury repeatedly that the Labairs had to show they “would have recovered” a judgment or settlement from Dr. Baumgartner. Consistent with general principles in negligence law of causation and damages, the court responded to a specific question from the jury, likely prompted by their assessment that the Labairs were not interested in settling, that the Labairs had to demonstrate that they would have accepted a settlement. In my opinion, this was an accurate statement of the law and was within the court’s broad discretion to assess whether its response went beyond the parties’ expectations when presenting their case to the jury. The distinction between “would have settled” and “would have recovered a settlement” is immaterial and does not warrant reversal and remand for a new trial. When considered with all the instructions given and the confusing analysis we provided in Labair I, I cannot fault the District Court and find an abuse of discretion when it instructed the jury that they must find the Labairs “would have settled” in order to recover for their lost opportunity to settle. The Labairs received a jury trial on their claims and the jury found causation did not exist between Carey’s negligence and the Labairs’ lost opportunity to bring a claim and settle a claim. The Labairs’ substantial rights have not been prejudiced.
¶38 I dissent from the Court’s decision holding otherwise.
JUSTICE RICE joins in the foregoing dissent.

 Jenkins simply does not stand for the proposition we cited it for: recognition of a loss of settlement of a claim; Jenkins concerns the loss of opportunity to bring a claim. Spencer, also cited in Labair I, ¶ 32, was decided within the context of a criminal matter and the loss of opportunity to bring a post-conviction proceeding. It likewise is not authority for the creation of a loss of opportunity to settle in a medical malpractice action. Jenkins, which followed the majority line of cases, recognized that the “suit within the suit” would necessitate examining the success of the underlying court action in the post-conviction proceedings, a matter which is more easily susceptible to a causation analysis than the likelihood of settlement in a medical malpractice action.

 Indeed, Holly Labair testified that she “absolutely [did] not” bring this lawsuit against Dr. Baumgartner for the money. And Carey testified that Robert Labair told him “on more than one occasion that he wanted to kill Dr. Baumgartner.”